In the Matter of the Assignment of WILLIAM H. FINCK *et al.* to ALBERT PIESCH for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided August 8th, 1881.)

That a claim preferred in an assignment for the benefit of creditors has been paid by the assignee without having been proved pursuant to the General Assignment Act, is not ground for disallowing such payment upon the accounting of the assignee.

APPLICATION to overrule exceptions to the report of a referee upon an accounting by an assignee under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

VAN BRUNT, J.—This is an application to overrule the exceptions filed to the referee's report upon an accounting of the assignee in the above matter.    The exceptions are numerous, but it will be necessary to examine in detail but one, and that is the exception relating to the disallowance by the referee of the moneys paid to B. Fisher & Co. as a preferred creditor of the assignors by the assignee.

None of the other exceptions seem to be well taken.

The referee, it would appear, has fallen into an error in supposing that the case of *The Matter of Bailey* (58 How.

446 ; *ante,* p. 49), decides, that where an assignee has made a payment upon any bona fide claim, due by the assignors at the time of the assignment, if such claim is not proved according to the Assignment Act that the assignee cannot be allowed a credit for such payment.

In the Matter of Bailey the decision simply was, that in a decree of distribution payments should not be provided for in a decree for all the creditors named in the schedules filed by the assignors, but that the decree should provide for the payment only of such general claims as have been proved under the Assignment Act. It nowhere refers or relates to a preferred claim. The assignee by the terms of the assignment being called upon to pay a preferred claim, he is bound to follow out the provisions of the assignment, and pay that claim, whether it has been proved under the Assignment Act or not.

The provision of the Assignment Act relates only to those claims which are not specifically mentioned in the assignment itself, and is simply a substitute giving to the assignee a short method of passing his accounts instead of compelling him to file a bill in equity, as was the practice before the passage of the act in question.

The assignee in this case by the terms of the assignment was required to pay the claim of B. Fisher & Co., and he paid that claim, and at the time of the advertisement for creditors to present claims B. Fisher & Co. were no longer creditors of the assignors, because they had been paid by the assignee as directed by the assignment.

Under these circumstances it is difficult to see how B. Fisher & Co. could swear at the time of the advertisement that they held any claim against the. assignors, they having already been paid ; and it is exceedingly doubtful whether upon an accounting of this description, where the assignment directs a specific sum of money to be paid to a specific creditor, any other creditor can be allowed to attack the validity of that claim.

If the claim is a fraudulent one, and they desire to prevent or avoid its payment, they cannot come in under the assign-

Matter of Petchell.

ment and avoid it, but they must file their bill to set aside the assignment.

The referee in this case therefore erred in disallowing the amount paid to B. Fisher & Co. by the assignee, because B. Fisher & Co. had not proved their claim pursuant to the terms of the Assignment Act.

In the final decree the assignee should be allowed the amount paid to B. Fisher & Co., and the account made up should be credited with this amount. In all other respects the referee's report is confirmed, and the exceptions are over-ruled.

Order accordingly.